UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LEE LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN McCOMB,<br><br>    Respondent. | No.  2:14-cv-1798-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Darrell Lee Lopez is a state prisoner proceeding without counsel.[1] He has filed what he styled as a "notice of appeal" from various state court rulings which resulted in this action being opened. ECF No. 1. However, in subsequent filings, Mr. Lopez stated that his intent is not to file a civil rights complaint or an application for a writ of habeas corpus, but rather, to have his "case reopened at the state level . . . [with] counsel of [his] choice." ECF No. 7 at 3. He was subsequently instructed that he had not properly commenced a civil action and that to do so he must file a complaint or petition. ECF No. 9 (citing Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003)).  He was also instructed that he must either file an in forma pauperis affidavit or pay the required filing fee ($5.00). *Id.* (citing 28

---

[1] Mr. Lopez seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.

U.S.C. §§ 1914(a); 1915(a)).  He has now filed an application for leave to proceed in forma pauperis and the supporting affidavit indicates that he is unable to afford the costs of suit but still has not properly filed a complaint or petition sufficient to invoke the court's subject matter jurisdiction.

Mr. Lopez continues to file "amendments" and "motions for mandate" requesting that he be appointed attorneys and investigators of his choice, as well as a pretrial hearing date and a trial date for his state court proceedings.  He also complains of a pattern of sexual assaults, and has submitted requests for medical care and a request that an unnamed prison officials be criminally charged.  *See* ECF Nos. 7, 8, 11, 13, 14, 15, 17, 20.  But Mr. Lopez has filed neither a federal habeas petition or a complaint under 42 U.S.C. § 1983 in spite of having been ordered to do so.  ECF Nos. 3, 9 at 2.

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Instead of filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983, he continues to seek a writ of mandamus to compel action by the state courts.  Federal district courts, however, are not authorized to issue writs of mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); *see also Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees).  Therefore, the court cannot afford Mr. Lopez the

relief he requests and his filings, construed as an application for a writ of mandamus, must be denied.

Accordingly, it is ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

However, it is RECOMMENDED that the petition for a writ of mandamus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 23, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE